IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD PORTER,                                   08-CV-33-HU

        Plaintiff,                           ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.


**MERRILL SCHEIDER**
Schneider Law Offices
14415 S.E. Stark St.
P.O. Box 16310
Portland, OR 97292
(503) 255-9092

**LINDA S. ZISKIN**
Ziskin Law Office
P.O. Box 2237
Lake Oswego, OR 97035
(503) 889-0472

        Attorneys for Plaintiff

1 - ORDER

**KARIN J. IMMERGUT**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Office of the General Counsel
**DAVID J. BURDETT**
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA 98104
(206) 615-2730

    Attorneys for Defendant

**BROWN, Judge.**

  Magistrate Judge Dennis J. Hubel issued Findings and Recommendation (#19) on May 20, 2009, in which he recommends the Court affirm the Commissioner's decision denying Plaintiff's application for disability insurance benefits.  Plaintiff filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

  When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

2 - ORDER

Plaintiff objects to the Magistrate Judge's findings that the ALJ (1) properly analyzed Plaintiff's alleged impairments of post-concussive syndrome and post-traumatic stress disorder (PTSD) at Step Two and (2) the ALJ properly considered the opinions of examining physician Donald D. Ramstehl, M.D., and treating physician Timothy J. Gray II, D.O.

## I.     The ALJ's analysis of Plaintiff's impairments at Step Two.

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly assessed Plaintiff's alleged impairments of post-concussive syndrome and PTSD at Step Two.

The ALJ noted Wan-jui Chen, M.D., opined Plaintiff's headaches could be caused by post-concussive syndrome, but the ALJ concluded Plaintiff's headaches were not a severe impairment because Plaintiff testified they were adequately controlled by taking aspirin.  This Court has reviewed the record *de novo* and concludes the ALJ adequately considered Plaintiff's alleged post-concussive syndrome when he addressed the symptoms that Dr. Chen opined were the result of post-concussive syndrome (*i.e.*, Plaintiff's headaches).

Although it "was suggested" by Dr. Chen that Plaintiff suffered from PTSD, the ALJ concluded at Step Two that there was not any evidence in the record to conclude Plaintiff has the medically determinable impairment of PTSD.  The record reflects Dr. Chen recommended Plaintiff see a psychiatrist to determine

3 - ORDER

whether Plaintiff had PTSD. Tr. 254. In addition, it appears Plaintiff's treating physician, Dr. Gray, referred Plaintiff to a psychiatrist on Dr. Chen's recommendation. Tr. 211. Neither the record nor Dr. Gray's treatment notes, however, reflect Plaintiff ever received a diagnoses of or any treatment for PTSD. Accordingly, the Court finds the ALJ properly concluded Plaintiff's PTSD was not a medically determinable impairment because it was never established by an acceptable medical source. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005).

Accordingly, after reviewing the record *de novo*, the Court does not find any error in the Magistrate Judge's Findings and Recommendation as to the ALJ's conclusion at Step Two.

**II. Physicians' opinions.**

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly analyzed the opinions of examining physician Dr. Ramstehl and treating physician Dr. Gray.

**A. Dr. Ramstehl.**

Plaintiff objects to the Magistrate Judge's finding that the ALJ adequately included in his assessment of Plaintiff's residual functional capacity (RFC) the rest periods required by Plaintiff as determined by Dr. Ramstehl.

The ALJ gave significant weight to Dr. Ramstehl's opinion and concluded in his evaluation of Plaintiff's RFC that Plaintiff can sit, stand, and walk for up to six hours in an eight-hour

workday as long as he changes positions for a few minutes every hour for the purpose of relieving pain and discomfort. Tr. 21. The record reflects Dr. Ramstehl opined Plaintiff can stand and walk for an hour before resting and sit for two hours before changing positions. Dr. Ramstehl did not opine Plaintiff must lie down to rest nor did he find Plaintiff must rest for a certain duration. Tr. 170. The ALJ's evaluation of Plaintiff's RFC accommodates Plaintiff's need to change from a standing or walking position to a sitting position "to relieve pain and discomfort" every hour and, therefore, includes the limitations determined by Dr. Ramstehl.

Accordingly, after reviewing the record *de novo*, the Court does not find any error in the Magistrate Judge's Findings and Recommendation as to the ALJ's consideration of Dr. Ramstehl's opinion.

**B.   Dr. Gray.**

Plaintiff objects to the Magistrate Judge's finding that the ALJ did not err when he gave little weight to Dr. Gray's opinion as to Plaintiff's limitations. Plaintiff specifically challenges the weight given to Dr. Gray's March 31, 2004, opinion in which Plaintiff alleges Dr. Gray limited Plaintiff to sedentary work.

The ALJ gave Dr. Gray's opinion little weight on the ground that it is not consistent with his own treatment notes. *See Weetman v. Sullivan*, 877 F.2d 20, 22-23 (9th Cir. 1989)(an ALJ

5 - ORDER

may reject a treating physician's opinion if it is inconsistent with his treatment notes).  The record reflects Dr. Gray stated in a chart note dated October 3, 2003, that Plaintiff cannot do any heavy lifting, carrying, or climbing; on April 30, 2004, that Plaintiff was medically stationary and able to return to work; on July 6, 2004, that Plaintiff was working as a sweeper; on January 5, 2005, that Plaintiff wanted to reduce his medications because they were working well and that Plaintiff had equal bilateral strength and sensation in his extremities; on February 2, 2005, that Plaintiff was experiencing some breakthrough pain, but his medication was working overall; and on February 28, 2005, that Plaintiff was stable, in less pain, and sleeping better.  Tr. 215.  Tr. 195-215.

Accordingly, after reviewing the record *de novo*, the Court does not find any error in the Magistrate Judge's Findings and Recommendation as to the ALJ's consideration of Dr. Gray's opinion.

Neither party filed any objections to the Magistrate Judge's remaining findings, and, therefore, this Court is relieved of its obligation to review the record *de novo* as to those findings. *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).  *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983).  Having reviewed the legal principles

6 - ORDER

*de novo*, the Court does not find any error in the Magistrate Judge's remaining findings.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Hubel's Findings and Recommendation (#19). Accordingly, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 18th day of August 2009.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

7 - ORDER